IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARIA AND PAUL VOLYNSKY | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| HILLARY CLINTON, ET AL. | : | NO. 10-4695 |

**MEMORANDUM**

Padova, J.                                                                                                                                       January 31, 2011

      Plaintiffs Maria and Paul Volynsky, husband and wife, have sued Secretary of State Hillary Clinton, Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano, and Citizenship and Immigration Services Director Alejandro Mayorkas (collectively, "the Government") alleging that the denial of Maria Volynsky's Application for Waiver of the Foreign Residence Requirement violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 et seq., the Mandamus Act, 28 U.S.C. § 1361, and the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V. The Government filed a Motion to Dismiss on November 16, 2010, seeking dismissal of the Complaint in its entirety. For the reasons that follow, we grant the Motion in part and deny it in part.

**I.    BACKGROUND**

      The Complaint alleges the following facts. Maria Volynsky ("Volynsky") is a citizen of Russia, and Paul Volynsky ("Mr. Volynsky") is a citizen of the United States. (Compl. ¶ 1.) Volynsky entered the United States on August 14, 2005, on a J-1 visa to participate in an exchange program as a Fullbright scholar at Grinnell College in Iowa. (Id. ¶ 13.) The terms of her visa provided that, upon its expiration, she was required to return to the country of her nationality or of

her last residence for two years before she could apply for an immigrant visa or an adjustment of status. (Id.) On December 23, 2005, Plaintiffs married. (Id.) On February 16, 2006, Volynsky filed an Application for an Adjustment of Status ("Adjustment of Status Application") with the United States Citizenship and Immigration Services ("CIS"). (Id. ¶ 13 & Ex. 4.) On February 25, 2006, Volynsky filed an Application for Waiver of the Foreign Residence Requirement ("Waiver Application"). (Id. ¶ 13.) In her Waiver Application, Volynsky argued that completion of the two-year term of foreign residence would result in exceptional hardship to her husband. (Id.) On April 7, 2006, Mr. Volynsky filed an Application for Alien Relative on behalf of his wife. (Id.)

On September 13, 2006, CIS approved Mr. Volynsky's Application for Alien Relative and denied Volynsky's Adjustment of Status Application. (Id. unnumbered ¶ following ¶ 13.) The reason provided for the denial of her Adjustment of Status Application was Volynsky's failure to obtain a waiver of the foreign residence requirement at the time of the adjudication. (Id.) On February 27, 2007, Volynsky re-filed her Adjustment of Status Application. (Id.)

On October 29, 2008, having determined that Volynsky's compliance with the foreign residence requirement would impose an extreme hardship on her husband, CIS sent the Waiver Application to the State Department along with a request for a recommendation.[1] (Compl. Ex. 9.) On December 30, 2008, the State Department issued its recommendation, in which it agreed that Volynsky's compliance with the foreign residence requirement would cause exceptional hardship to her husband but nonetheless recommended that her Waiver Application be denied. (Id. second

---

[1]Federal regulations provide that, if CIS "determines that compliance with the two-year home-country residence and physical presence requirement would impose exceptional hardship upon the spouse or child of the exchange visitor," CIS "shall transmit a copy of [its] determination[,] together with a summary of the details of the expected hardship or persecution," to the Waiver Review Division of the State Department for a recommendation. 22 C.F.R. § 41.63(b)(2)(i).

2

unnumbered ¶ following ¶ 13.) On June 26, 2009, CIS denied the Waiver Application, stating that, absent a favorable recommendation from the State Department, CIS was precluded from approving the Waiver Application. (Id.) Volynsky remains in the United States, and Plaintiffs now have two minor children who are United States citizens. (Id. ¶ 27.)

The Complaint asserts three causes of action. In Count One, Plaintiffs allege that the State Department's denial of Volynsky's Waiver Application violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, because the denial was arbitrary, capricious and contrary to law.[2] In Count Two, Plaintiffs allege that the State Department's denial of Maria Volynsky's Waiver Application violated the Mandamus Act, 28 U.S.C. § 1361, because the failures of the State Department to specify reasons for the denial and to conduct a public interest analysis were arbitrary and capricious violations of a statutory requirement that the State Department adjudicate her application. In Count Three, Plaintiffs allege that the State Department's denial of Maria Volynsky's Waiver Application violated the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V, because the State Department neglected a duty to grant the waiver unless the public interest speaks to the contrary.

The Government has moved to dismiss all of Plaintiffs' claims on the grounds that this Court lacks subject matter jurisdiction over Count I and that Plaintiffs have failed to state a claim upon which relief may be granted in all Counts.

---

[2]Elsewhere in the Complaint, Plaintiffs aver more specifically that the State Department issued an unfavorable recommendation on Volynsky's Waiver Application, and that CIS denied the application on the basis of the State Department's recommendation. (See, e.g., id. second unnumbered ¶ following ¶ 13.) Accordingly, we construe short-hand references to the State Department's denial of the Waiver Application as references to the State Department's unfavorable recommendation on the Waiver Application.

3

## II. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the court's jurisdiction on either "factual" or "facial" grounds. Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). Where, as here, a defendant argues that "the court in fact lacks subject matter jurisdiction," the court is not required to accept as true the Complaint's allegations, NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 & n.7 (3d Cir. 2001), and must instead "satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The plaintiff bears the burden of showing that jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

When considering a motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 1235-36 (3d ed. 2004)).

### III. DISCUSSION

The Government argues that we lack subject matter jurisdiction over Plaintiffs' APA claims because the APA exempts "agency action . . . committed to agency discretion by law" from judicial review. See 5 U.S.C. § 701(a)(2). The Government alternatively argues that, if we do have jurisdiction over Plaintiffs' APA claims, our review is limited to whether the State Department followed its own procedural regulations and Plaintiffs have failed to state a plausible claim that the State Department violated any procedural regulation. The Government further argues that mandamus relief is not an appropriate remedy for the State Department's unfavorable recommendation on Maria Volynsky's Waiver Application. Finally, the Government argues that we should dismiss Plaintiffs' due process claims because Plaintiffs did not have a cognizable property interest in the waiver of the foreign residence requirement.

    A.    <u>Jurisdiction over Plaintiffs' APA Claims</u>

As a general rule, the APA precludes judicial review of "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); Pinho v. Gonzales, 432 F.3d 193, 200 (3d Cir. 2005); United States ex. rel. Vaso v. Chertoff, 369 F. App'x 395, 400 (3d Cir. 2010) (citation omitted). However, if an agency "has adopted regulations which delineate the procedure it must use" in taking an action committed to agency discretion, the court may have jurisdiction "to determine

whether [the agency] followed its own guidelines." Chong v. Director, U.S. Information Agency, 821 F.2d 171, 176 (3d Cir. 1987); see also M.B. v. Quarantillo, 301 F.3d 109, 112-13 (3d Cir. 2002) ("[I]f an agency 'announces and follows – by rule or by settled course of adjudication – a general policy by which its exercise of discretion will be governed, an irrational departure from that policy . . . could constitute action that must be overturned as arbitrary, capricious, [or] an abuse of discretion within the meaning of the Administrative Procedure Act.'" (quoting INS v. Yang, 519 U.S. 26, 32 (1996)) (second and third alterations in original)); see also 5 U.S.C. § 706(2)(A) (permitting court to find unlawful agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). In such cases, the court has jurisdiction if the regulations limiting agency discretion provide "'judicially manageable standards'" for evaluating agency action under an abuse of discretion standard. Chong, 821 F.2d at 175 (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)). Thus, "[o]nly if the governing provisions affirmatively circumscribe the agency's authority, constraining its decision in a definite and defined manner, may a court competently assess the validity of it action." Purveegin v. Gonzales, 448 F.3d 684, 689 (3d Cir. 2006) (citing Lincoln v. Vigil, 508 U.S. 182, 190-91 (1993), and Smriko v. Ashcroft 387 F.3d 279, 292 (3d Cir. 2004)).

An agency can "'limit[] its own discretion'" and give rise to judicial review "[b]y articulating . . . factors" that the agency must consider in making a discretionary determination. United States v. Fleet Mgmt., Crim. A. No. 07-279, 2008 WL 1848102, at *2 (E.D. Pa. Apr. 24, 2008) (quoting Davis Enterprises v. U.S. E.P.A., 877 F.2d 1181, 1186 (3d Cir.1989)); Quarantillo, 301 F.3d at 113 ("[T]his Court has held that where regulations list factors an agency must consider in reaching a decision, there is sufficient guidance for a court to determine whether the agency had acted arbitrarily and capriciously." (citing Davis, 877 F.2d 1181, Chong, 821 F.2d 171, and Hondros v. U.S. Civil Serv. Comm'n, 720 F.2d 278, 294-95 (3d Cir. 1983))).

Here, federal regulations require that upon receipt of an application for a waiver of the foreign residence requirement, the State Department "shall review the program, policy, and foreign relations aspects of the case" (the "regulatory factors") before making a recommendation. 22 C.F.R. § 41.63(b)(2)(ii). In Chong,[3] the United States Court of Appeals for the Third Circuit held that this regulation controlled the exercise of the State Department's discretion and provided "sufficient guidance to make possible judicial review."[4] Chong, 821 F.2d at 176; see also Afato v. Clinton, Civ. A. No. 10-0060, 2010 WL 2219655, at *4 (E.D. Cal. June 2, 2010) ("[T]his court clearly lacks subject matter jurisdiction to hear plaintiffs' complaint to the extent plaintiffs seek a determination that the waiver should have been granted. . . . However, . . . [t]o the extent plaintiffs do not challenge the specific denial of Dr. Afato's waiver application but rather the agencies' failure to follow the requisite procedures established by statute or regulation for review of waiver applications, plaintiffs can state such a claim for relief.").

The Government asks us to distinguish this case from Chong on two bases. It first points out

---

[3] The facts in Chong are strikingly similar to the facts of this case. Dr. Chong, a physician from Hong Kong, entered the United States on a J-1 visa. Chong, 821 F.2d at 173. He applied for a waiver of the two-year foreign residence requirement on the ground that compliance with the requirement would result in exceptional hardship to his two children because he would not be permitted to practice medicine in Hong Kong. Id. at 174. The State Department denied him a favorable recommendation. Id. Dr. Chong filed a Complaint with the District Court, in which he asserted an APA claim and "contend[ed] that the [State Department's] decision not to recommend a waiver is subject to judicial review, albeit a limited one and that the [State Department] abused [its] discretion in refusing to recommend a waiver in this case because the INS made a finding of extreme hardship and there is no negative impact on foreign policy." Id. at 173. The District Court dismissed Dr. Chong's Complaint for lack of jurisdiction, and Dr. Chong appealed. Id.

[4] We note that in Chong, the Third Circuit considered 22 C.F.R. § 514.32 (1986), a predecessor to the regulation applicable here. In pertinent part, the two regulations are identical. Compare 22 C.F.R. § 41.63(b)(2)(ii) (requiring the State Department to "review the policy, program, and foreign relations aspects of the case") with 22 C.F.R. § 514.32 (1986) (requiring the State Department to "review the policy, program, and foreign relations aspects of the case").

7

that the record evidence in Chong established that "[n]either Hong Kong (the country of Dr. Chong's nationality) nor Taiwan (the country of Dr. Chong's last residence) ha[d] any objections to Dr. Chong's remaining in the United States," Chong at 176 n.5, whereas here Volynsky "has presented no evidence that her home country (Russia) does not object to her staying in the United States," (Gov't Mem. at 9). The Government adds that waiver applicants are permitted to submit "no objection letters" from their home countries. See 8 U.S.C. § 1182(e). The Government further distinguishes Chong by noting that Dr. Chong, unlike Volynsky, "received no government financing." Chong, 821 F.2d at 176 n.5. Contrary to the Government's suggestion, however, the lack of objections from Taiwan and Hong Kong and the lack of government financing in Chong were in no way outcome-determinative. The Chong court did not appear to rely on those facts in any way in reaching its holding. See id. at 175 ("[I]n order to find that an agency action is not subject to judicial review, we must find that there are no judicially manageable standards against which a court may judge whether an agency abused its discretion."). Accordingly, we conclude that the analysis in Chong is controlling and that we do have subject matter jurisdiction over Plaintiffs' APA claims. We therefore deny the Government's Motion to Dismiss the APA claims insofar as it seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

B.     APA Claims

In spite of our jurisdiction over Plaintiffs' APA claims, the scope of our review of the State Department's unfavorable recommendation on Maria Volynsky's Waiver Application remains "severely limited." Chong, 821 F.2d at 176. We may determine only whether the State Department abused its discretion by failing to "review the policy, program, and foreign relations aspects of the case." 22 C.F.R. § 41.63(b)(2)(ii); see also Chong, 821 F.2d at 176. The Government argues that

the State Department's denial of Volynsky's request for a favorable recommendation "without explanation is sufficient to demonstrate [that] the [State Department] reviewed the requisite regulatory factors." (Gov't Mem. at 12.) According to the Government, because Form 1-613, the form that the State Department uses to make recommendations on waiver applications, contains information about the type of waiver the applicant seeks, the applicant's nationality, the relevant CIS findings, and a summary of the applicant's claim of hardship, "[a]ny denial of a [favorable] recommendation on Form 1-613 necessarily carries with it, at a minimum, the implicit finding that: after reviewing the type of waiver, the nationality of the applicant, the applicant's hardship, and the nature of the applicant's exchange program, the waiver is denied." (Id. at 12-13.)

Plaintiffs argue that the "[a]bsence of any reasoned decision on the part of the [State Department] in this case proves" that the State Department failed to review the regulatory factors, particularly in light of CIS's prior determination that Maria Volynsky's compliance with the foreign residence requirement would result in extreme hardship to Paul Volynsky. (Pls.' Mem. at 2.) They have also submitted the Form 1-613 that contains the State Department's recommendation concerning Volynsky. (Compl. Ex. 9.) The form includes a space for the State Department to state "[t]he basis for the recommendation that the waiver be denied," but, in this case, the State Department left that space blank. (Id.) Moreover, nowhere on the document is there a specific representation that the State Department "review[ed] the policy, program, and foreign relations aspects of the case." See 22 C.F.R. § 41.63(b)(2)(ii).

In Chong, by contrast, the State Department stated on Dr. Chong's Form 1-613 that it had weighed Dr. Chong's claim of hardship against the applicable law and had determined that his application for a waiver should be denied. Chong, 821 F.2d at 177. The Third Circuit relied on this

9

explanation in order to determine that the State Department had considered the regulatory factors. Id. ("While this statement is not very specific, it does indicate that the [State Department] 'review[ed] the policy, program, and foreign relations aspects of the case.' That is all that is required by the [State Department] regulations." (quoting 22 C.F.R. § 514.32 (1986)). Significantly, the Government has identified no authority to support a conclusion that the State Department's denial of a recommendation on a Form 1-613, with or without explanation, establishes as a matter of law that the State Department reviewed the regulatory factors.

Given that Plaintiffs have alleged that the State Department did not consider the factors that it was required to consider before issuing a recommendation on Volynsky's Waiver Application and the operative Form 1-613 in this case does not demonstrate otherwise, we conclude that Plaintiffs have adequately pled that the State Department's recommendation was arbitrary and capricious due to its failure to consider the regulatory factors. In other words, Plaintiffs have provided "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Accordingly, we deny the Government's Motion to Dismiss the APA claims under Fed. R. Civ. P. 12(b)(6).

C. Mandamus Act Claims

Pursuant to the Mandamus Act, "a district court may issue a writ of mandamus . . . to compel 'an officer or employee of the United States . . . to perform a duty owed to the plaintiff.'" Banks v. U.S. Attorney, 318 F. App'x 56, 57 (3d Cir. 2009) (second alteration in original) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). However, "relief is available to a plaintiff under [the Mandamus Act] 'only if he has exhausted all other avenues of relief and only if the defendant owes him a clear, nondiscretionary duty.'" Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d

949, 951 (3d Cir. 1987) (quoting Heckler, 466 U.S. at 616). The duty owed to the plaintiff must be "legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc) (quotation marks omitted). An act is ministerial when it "'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir. 1996) (quoting Harmon Cove, 815 F.2d at 951).

Here the Complaint alleges that the State Department owed the Plaintiffs three non-discretionary duties: to consider the regulatory factors, to issue a favorable recommendation on Volynsky's Waiver Application, and to explain the basis for its decision. (Compl. ¶¶ 32-33.) We address these allegations in turn.

First, the Complaint alleges that the State Department owed Plaintiffs a non-discretionary duty to consider the regulatory factors in making its decision whether to issue a favorable recommendation on Maria Volynsky's Waiver Application. (Id. ¶ 32.) As noted above, the applicable regulations provide that the State Department "*shall* review the program, policy, and foreign relations aspects of the case." 22 C.F.R. § 41.63(b)(2)(ii) (emphasis added). As a general matter, the word "may" confers discretion, while the word "shall" imposes a non-discretionary duty. See Jilin Pharmaceutical USA, Inc. v. Chertoff, 447 F.3d 196, 203 (3d Cir. 2006) (citing Urena-Tavarez v. Ashcroft, 367 F.3d 154, 160 (3d Cir. 2004), Zhu v. Gonzales, 411 F.3d 292, 295 (D.C. Cir. 2005), and Soltane v. U.S. Dep't. of Justice, 381 F.3d 143, 147 (3d Cir. 2004)). Moreover, in Chong, the Third Circuit held that the regulation applicable here "delineate[s] the procedure [the State Department] *must* use" in reviewing waiver applications. Chong, 821 F.2d at 176 (emphasis added). Accordingly, we conclude that the Complaint sufficiently alleges that the State Department

owed Plaintiffs a non-discretionary duty to consider the regulatory factors in making their determination.

Second, the Complaint alleges that the State Department had a non-discretionary duty to issue a favorable recommendation on Maria Volynsky's Waiver Application on the facts of this case. (Compl. ¶¶ 32-33.) The Government argues that this claim should be dismissed because, contrary to Plaintiffs' assertion, the State Department's "decision to approve or deny a recommendation for the waiver of the two-year foreign residency requirement is discretionary." (Gov't Mem. at 16.) Plaintiffs seem to concede the discretionary nature of the State Department's recommendations in their Memorandum but nevertheless argue that the State Department had a non-discretionary duty "not to issue arbitrary or capricious decisions." (Pls.' Mem. at 5.) Plaintiffs, however, have identified no authority that imposes a non-discretionary duty on the State Department to issue favorable recommendations in any particular set of circumstances. Indeed, the Third Circuit has recognized that "the statute and the [State Department] regulations vest rather broad discretion" in the State Department when adjudicating applications for waivers of the foreign residence requirement. Chong, 821 F.2d at 176. Because a Mandamus Act claim must rest on a legal duty that is "devoid of the exercise of judgment or discretion," Richardson, 465 F.2d at 849, and the State Department's duties with respect to waiver applications are not "devoid of the exercise of judgment or discretion," we conclude that the Complaint does not sufficiently allege that the State Department had a non-discretionary duty to issue a favorable recommendation on Maria Volynsky's Waiver Application.

Third, the Complaint alleges that the State Department had a non-discretionary duty to explain its decision on Maria Volynsky's Waiver Application. (Compl. ¶ 33). Plaintiffs cite 8

U.S.C. § 1446, which requires CIS to provide reasons for granting or denying naturalization petitions, and argue that "[t]his is the absolute minimum standard" that should be applied to other immigration applications as well. (Pls.' Mem. at 4-5.) However, Plaintiffs identify no authority to support their effort to extend the requirements of 8 U.S.C. § 1446 to the State Department's recommendations on applications for waivers of the foreign residence requirement. Accordingly, we conclude that the Complaint does not sufficiently allege that the State Department had a non-discretionary duty to explain its recommendation on Maria Volynsky's Waiver Application.

For the reasons stated above, we conclude that Plaintiffs have stated a plausible claim that they are entitled to a writ of mandamus compelling the State Department to consider the regulatory factors in deciding whether to issue a favorable recommendation on Volynsky's Waiver Application. However, we conclude that Plaintiffs have not stated plausible claims that they are entitled to writs of mandamus compelling the State Department to issue a favorable recommendation or to explain the basis for its decision. Therefore, we deny the Motion to Dismiss insofar as it seeks dismissal of Plaintiffs' Mandamus Act claim for a writ compelling the State Department to consider the regulatory factors, and we grant the Motion to Dismiss insofar as it seeks dismissal of Plaintiffs' Mandamus Act claims for writs compelling the State Department to issue a favorable recommendation or to explain its decision.

D. Due Process Claims

"[A]liens within the United States may not be deprived of liberty or property without due process." Hernandez v. Gonzales, 437 F.3d 341, 345-46 (3d Cir. 2006) (citing Mathews v. Diaz, 426 U.S. 67, 77 (1976), and Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953)). "But, like others, aliens must in the first instance possess a liberty or property interest." Id. at 346

(citing Bd. of Regents v. Roth, 408 U.S. 564, 569-71 (1972)). As a general rule, aliens do not have a property interest in a discretionary immigration benefit. See id. ("Aliens who seek only discretionary relief from deportation have no constitutional right to receive that relief." (citing Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981)); see also Mudric v. Attorney General of U.S., 469 F.3d 94, 98 (3d Cir. 2006) (noting "the discretionary nature of immigration benefits" and stating that "[w]hile an alien may be eligible for a grant of asylum or an adjustment of status under the immigration laws, he is not entitled to such benefits as a constitutional matter"); see generally Singh v. Attorney General of U.S., No. 08-2973, 2010 WL 4318881, at *2 (3d Cir. Nov. 2, 2010) ("When the decision to grant or withhold a benefit is entrusted to the discretion of a government actor, one has no constitutional property interest in obtaining that relief." (citing Dumschat, 452 U.S. at 465)).

The waiver of a foreign residence requirement is a discretionary immigration benefit that does not give rise to constitutional protection. See Afato, 2010 WL 2219655, at *7 (holding that "plaintiffs cannot make th[e] showing [that they have a constitutionally cognizable property interest in a waiver of the foreign residence requirement] because the granting of a waiver is given to the discretion of the Executive Branch" and dismissing plaintiffs' due process claims (citing 8 U.S.C. § 1182(e))). Accordingly, we conclude that Plaintiffs have no cognizable property interest in the waiver of the foreign residence requirement and thus cannot state a claim upon which relief may be granted for violation of their due process rights. We therefore grant the Government's Motion to Dismiss Count III.

**IV.    CONCLUSION**

For the reasons stated above, we deny the Government's Motion to Dismiss Plaintiffs' APA

claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). We also deny the Government's Motion to Dismiss Plaintiffs' Mandamus Act claims insofar as Plaintiffs seek a writ of mandamus compelling the State Department to consider the regulatory factors. We grant the Government's Motion to Dismiss Plaintiffs' Mandamus Act claims insofar as Plaintiffs seek a writ of mandamus compelling the State Department to issue a favorable recommendation on Volynsky's Waiver Application or to explain its decision. We also grant the Government's Motion to Dismiss Plaintiffs' Due Process claims.

An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.