IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA AND PAUL VOLYNSKY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HILLARY CLINTON, ET AL. | : | NO.  10-4695 |

<u>MEMORANDUM</u>

**Padova, J.**                                                                                                      June 21, 2012

      Plaintiffs Maria and Paul Volynsky, husband and wife, have filed an Amended Complaint against Secretary of State Hillary Clinton, Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano, and Citizenship and Immigration Services Director Alejandro Mayorkas (collectively, "the Government"), challenging the denial of Maria Volynksy's Application for Waiver of the Foreign Residence Requirement, pursuant to the Administrative Procedures Act, 5 U.S.C. § 702 (the "APA"), the Mandamus Act, 28 U.S.C. § 1361, and the Due Process Clause of the Fifth Amendment to the United States Constitution.  The Government has filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Government's Motion is granted and the Amended Complaint is dismissed.

**I.       BACKGROUND**

      Maria Volynsky ("Volynsky") is a citizen of Russia, and Paul Volynsky is a citizen of the United States. (Am. Compl. ¶ 2.)  Volynsky entered the United States on August 14, 2005, on a J-1 visa to participate in an exchange program as a Fulbright scholar at Grinnell College in Iowa.  (<u>Id.</u> ¶ 13.)  The terms of her visa provided that, upon its expiration, she was required to return to Russia for two years before she could apply for an immigrant visa or an adjustment of status.  (<u>Id.</u>)  The Volnyskys married on December 23, 2005.  (<u>Id.</u>)  On April 5, 2006, Volynsky filed an Application for an Adjustment of Status with the United States Citizenship and Immigration Services ("CIS").

(Id. ¶ 14 & Ex. 5.) On March 8, 2006, Volynsky filed an Application for Waiver of the Foreign Residence Requirement (the "Waiver Application"). (Id. ¶ 14 & Ex. 6.) In her Waiver Application, Volynsky stated that completion of the two-year term of foreign residence would result in exceptional hardship to her husband. (Id. ¶ 14.)

On October 29, 2008, having determined that Volynsky's compliance with the foreign residence requirement would impose an extreme hardship on her husband, CIS sent the Waiver Application to the State Department's Waiver Review Division[1] along with a request for a recommendation.[2] (Id. Ex. 9.) On December 30, 2008, the Waiver Review Division issued its recommendation, and recommended that her Waiver Application be denied. (Id. ¶ 16.) On June 26, 2009, CIS denied the Waiver Application, stating that, absent a favorable recommendation from the State Department, CIS was precluded from approving the Waiver Application. (Id. ¶ 16 & Ex. 10.)

Plaintiffs then brought suit in this Court, challenging the Waiver Review Division's recommendation that Volynsky's application be denied and the subsequent denial of the application by CIS. See Volynsky v. Clinton, 778 F. Supp. 2d 545, 549 (E.D. Pa. 2011). In the original complaint, Plaintiffs alleged that the recommendation and CIS's denial of Volynsky's Waiver Application violated the APA because the denial was arbitrary, capricious and contrary to law; that the denial violated the Mandamus Act because the failure to specify reasons for the recommendation

---

[1] The parties refer to the actions of the Waiver Review Division more generally as being those of the State Department. We will be precise and use Waiver Review Division.

[2] Federal regulations provide that, if CIS "determines that compliance with the two-year home-country residence and physical presence requirement would impose exceptional hardship upon the spouse or child of the exchange visitor," CIS "shall transmit a copy of [its] determination[,] together with a summary of the details of the expected hardship," to the Waiver Review Division of the State Department for a recommendation. 22 C.F.R. § 41.63(b)(2)(i).

violated statutory requirements; and that the denial violated the Due Process Clause of the Fifth Amendment because the State Department "neglected a duty to grant the waiver unless the public interest speaks to the contrary." Id. The Government moved to dismiss all three claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), arguing in part that the agency action at issue was unreviewable because it involved a purely discretionary decision. Id.

We granted in part and denied in part the Government's motion to dismiss. Noting that while the APA precludes judicial review of agency actions committed to agency discretion by law, an agency can limit its discretion and "give rise to judicial review" by articulating factors that it must consider when exercising its discretion. Id. at 551 (citations omitted). In this case, the Waiver Review Division had a duty to "'review the policy, program, and foreign relations aspects of the case [(the "regulatory factors")].'" Id. (quoting 22 C.F.R. § 41.63(b)(2)(ii)). Consequently, we had subject matter jurisdiction to review only whether the Waiver Review Division abused its discretion in its "'review [of] the policy, program, and foreign relations aspects of the case.'" Id. at 552 (quoting 22 C.F.R. § 41.63(b)(2)(ii) and citing Chong v. Dir., U.S. Info. Agency, 821 F.2d 171, 176 (3d Cir. 1987)). We determined that Plaintiffs had plausibly alleged that the Waiver Review Division had failed to review the regulatory factors, as its recommendation contained no indication that those factors had been reviewed. Id. at 552-53. Accordingly, we concluded that Plaintiffs had stated a claim under the APA, but only as to whether the Waiver Review Division reviewed the regulatory factors. Id. We also concluded that Plaintiffs had stated a claim under the Mandamus Act claim, but only as to whether the State Department failed to fulfill its duty to review the regulatory factors. Id. at 553-55. We dismissed Plaintiffs' Mandamus Act claim to the extent it alleged that the Waiver Review Division had a duty to make a favorable recommendation under the

3

circumstances and a duty to explain its recommendation.³  Id.  Finally, we dismissed Plaintiffs' due process claim, holding that Plaintiffs did not have a liberty or property interest in the waiver of the foreign residency requirement and, consequently, could not state a claim upon which relief could be granted for violation of their due process rights.  Id. at 555.

Following our January 31, 2011 decision, CIS re-opened Volynsky's waiver application, and invited Volynsky to supplement her original application.  (Joint Stipulation, Docket No. 21.)  The Waiver Review Division again recommended that the waiver application be denied (the "Recommendation").  (Am. Compl. Ex. 15.)  The Recommendation explicitly states that the Waiver Review Division reviewed the regulatory factors and determined that the factors outweigh Plaintiffs' hardship.  (Id.)  The Recommendation contains a paragraph-length discussion of each regulatory factor and why that factor weighs in favor of denying the Waiver Application.  (Id.)⁴  The

---

³As we explained in our January 31, 2011 Memorandum, claims under the Mandamus Act are limited to enforcing non-discretionary duties owed by a government official to the plaintiff.  See Volynsky, 778 F. Supp. 2d at 553 (citation omitted).

⁴The Waiver Review Division discussed the regulatory factors in paragraphs 2-4 of the Recommendation:

> 2. As for the programmatic concerns of Ms. Volynsky's application, the Waiver Review Division took into account that her previous J-1 visa sponsor the Bureau for Educational and Cultural Affairs (ECA) recommended denial of the waiver request. ECA states that it invested $13,000 of U.S. taxpayer's money in Ms. Volynsky's program and that she should return to her home country as she agreed to do prior to the acceptance into the J-1 program.  According to ECA, Ms. Volynsky's return to Russia is important because her English-language expertise will contribute to the needs of English language instruction and learning in Russia.  The Fulbright FLTA (Fulbright Foreign Language Teaching Assistant) program provides opportunities for English teachers from Russia and other countries to refine their teaching skills, increase their English proficiency, and expand their knowledge of U.S. Society.  The program is an important element of the U.S. foreign relations and public diplomacy efforts.  ECA feels that it is important to the future of the exchange program for grantees like Ms. Volynsky to share their knowledge and experiences acquired in the

Recommendation also states that the Waiver Review Division has considered all evidence Volynsky submitted in support of her exceptional hardship waiver application. (Id.) CIS denied Volynsky's waiver application based upon the Recommendation. (Id. ¶ 21.)

Plaintiffs filed their Amended Complaint after CIS denied the waiver application for the second time. The Amended Complaint raises the same claims raised in the original complaint: that the State Department's Recommendation and CIS's subsequent denial violated the APA, the Mandamus Act, and Plaintiffs' Fifth Amendment due process rights.

The Government filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, arguing that the Amended Complaint should be dismissed in its entirety because our scope of review is limited to a determination of whether the Waiver Review Division reviewed the regulatory factors and that it is clear, from the Amended Complaint and its exhibits, that the Waiver Review Division did so.

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly

---

U.S.

3. As for policy concerns of Ms. Volynsky's waiver application the Waiver Review Division took into account that the granting of the waiver would undermine the foreign policy goals of her exchange visitor program, and the sustainable development within the participant's home country.

4. With respect to the foreign relations concerns of Ms. Volynsky's waiver application the Waiver Review Division considered the opinion of the Russian Minister of Education who indicated in discussions with ECA that there is a great need for improving the English-language students in Russia. WRD also weighed ECA's concern that allowing the exchange visitor to remain in the United States could create a perception that the Fulbright Program is not a true exchange but a mean[s] of immigrating to the United States.

authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

III.   DISCUSSION

The Government first argues that, under the law of the case doctrine, we should adhere to our rulings in our January 31, 2011 Memorandum, and thus we should dismiss Plaintiffs' due process claim and limit Plaintiffs' APA and Mandamus Act claims solely to a determination of whether the

Waiver Review Division reviewed the regulatory factors. The Government further argues that Plaintiffs have not plausibly alleged that the Waiver Review Division failed to review the regulatory factors, and that the Recommendation shows that the Waiver Review Division did review the regulatory factors.

      A.      <u>Law of the Case Doctrine</u>

"The '[l]aw of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" <u>In re Pharmacy Benefit Managers Antitrust Litig.</u>, 582 F.3d 432, 439 (3d Cir. 2009) (alteration in original) (quoting <u>Casey v. Planned Parenthood of Se. Pa.</u>, 14 F.3d 848, 856 (3d Cir. 1994)). The "doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." <u>Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.</u>, 123 F.3d 111, 116 (3d Cir. 1997). Pursuant to the doctrine, a court should only reconsider issues decided earlier in the litigation in extraordinary circumstances, such as when "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." <u>Id.</u> at 117 (citations omitted).

Plaintiffs argue that the new denial of Volynsky's waiver application constitutes extraordinary circumstances that justifies our reconsideration of the issues decided in January 31, 2011 Memorandum and Order. They also argue that the Waiver Review Division's recommendation that the waiver be denied constitutes a manifest injustice. We disagree. The Waiver Review Division's new recommendation and CIS's subsequent denial of the waiver application have no bearing on our prior holdings regarding 1) our scope of review under the APA, 2) that Plaintiffs cannot bring a Mandamus Act claim alleging that the Waiver Review Division has a duty to issue

a favorable recommendation under the circumstances or a duty to explain its decision, and 3) that Plaintiffs do not have a protected, due process interest in the Waiver Application. Moreover, Plaintiffs have made no argument that our dismissal of some of their claims in our January 31, 2011 Memorandum and Order was clearly erroneous and created a manifest injustice. Therefore, we conclude that the law of the case doctrine prevents us from reconsidering issues decided in our January 31, 2011 Memorandum and Order.[5]

B.  APA Claim

As Chong instructs, the only issue we may consider under the APA is whether the Waiver Review Division abused its discretion in not making a favorable recommendation and "our review . . . is limited to whether the [Waiver Review Division] followed its own guidelines" requiring it to review the regulatory factors. Chong, 821 F.2d at 176.[6] The Government argues that the Amended Complaint should be dismissed because it does not allege that the Waiver Review Division failed

---

[5] The Government urges us to go one step further under the law of the case doctrine, and dismiss outright the claims in the Amended Complaint that appear identical to those we dismissed in our January 31, 2011 Memorandum and Order. We prefer to address anew each of the claims in the Amended Complaint, but we will analyze each claim in light of our conclusions in our January 31, 2011 Memorandum.

[6] As we noted in our January 31, 2011 Memorandum, the facts and legal issues in Chong are strikingly similar to those of this case. Dr. Chong, a physician from Hong Kong, entered the United States on a J-1 visa. Chong, 821 F.2d at 173. He applied for a waiver of the two-year foreign residence requirement on the ground that compliance with the requirement would result in exceptional hardship to his two children because he would not be permitted to practice medicine in Hong Kong. Id. at 174. The State Department denied him a favorable recommendation. Id. Dr. Chong filed a Complaint with the District Court, in which he asserted an APA claim and "contend[ed] that the [State Department's] decision not to recommend a waiver is subject to judicial review, albeit a limited one and that the [State Department] abused [its] discretion in refusing to recommend a waiver in this case because the INS made a finding of extreme hardship and there is no negative impact on foreign policy." Id. at 173. The Third Circuit ultimately concluded that the State Department did not abuse its discretion in denying Chong a favorable recommendation, and therefore affirmed the dismissal of Chong's complaint. Id. at 177, 179.

8

to review the regulatory factors and, moreover, it is clear from the Recommendation, which is attached to the Amended Complaint, that the Waiver Review Division did review the regulatory factors.

Our scope of review is "severely limited" because the statutes and regulations "vest rather broad discretion" in the Waiver Review Division's decision to make a favorable recommendation or not. Id. at 176. "An action will not be deemed arbitrary, capricious, or an abuse of discretion 'simply because one may happen to think it ill-considered, or to represent the less appealing alternative solution available.'" Honduros v. U.S. Civil Service Comm'n, 720 F.2d 278, 295 (3d Cir. 1983) (quoting Calcutta E. Court of India & E. Pakistan v. Fed. Maritime Comm'n, 399 F.2d 994, 997 (D.C. Cir. 1968)). Consequently, when we review the Waiver Review Division's decision, "[w]e will not substitute our judgment for that of the agency." Id. Rather, we consider only whether "the agency's action [was] rationally related to the purposes to be served, and supported by the facts found in the record." Id. (citation omitted).

Plaintiffs assert that the Government's Motion to Dismiss should be denied as to the APA claim for several reasons. First, they assert that they have alleged that the Waiver Review Division completely failed to review the regulatory factors, and that the Recommendation itself fails to establish that the Waiver Review Division reviewed the regulatory factors. Second, they argue that the Waiver Review Division abused its discretion when it made its unfavorable recommendation because it failed to accord sufficient weight to their hardship. Third, and finally, they argue that the Waiver Review Division failed to adequately explain the basis for its Recommendation.[7]

---

[7]Plaintiffs also argued that they have stated a claim under the APA because CIS failed to return the unlawful recommendation back to the Waiver Review Division, but rather adopted it as the reason for denying the Waiver Application. Even assuming that this argument is not foreclosed

1.      Plaintiffs' Allegations

Plaintiffs first assert that the Amended Complaint alleges that the Waiver Review Division completely failed to review the regulatory factors. However, they do not, and cannot, cite to any specific allegations in the Amended Complaint to support such an assertion. The Amended Complaint does not allege that the Waiver Review Division completely failed to review the regulatory factors. To the contrary, the Amended Complaint implies that the Waiver Review Division reviewed the regulatory factors and weighed them against the hardship, as the Amended Complaint alleges that the Waiver Review Division did not accord "due weight" to Plaintiffs' hardship when it was performing its duty to balance the factors against the hardship and did not adequately explain why the regulatory factors outweighed the hardship. (See Am. Compl. ¶¶ 21, 28.) Simply put, there is not a single allegation in the Amended Complaint that would support a conclusion that the Waiver Review Division completely failed to review the regulatory factors. We therefore conclude that the Amended Complaint does not allege that the Waiver Review Division did not review the regulatory factors.[8]

---

by the narrow scope of review set forth in Chong, Plaintiffs have not cited any specific standards by which to judge CIS's decision to adopt the Recommendation of the Waiver Review Division, and thus CIS's decision is unreviewable under the APA. 5 U.S.C. § 701(a)(2); see also Chong, 821 F.2d at 175. This was the only argument Plaintiff made regarding any action by CIS, so we need not consider any further the claims to the extent that they are brought against CIS.

[8]Plaintiffs also argue that the Recommendation itself supports their argument that the Waiver Review Division completely failed to review the regulatory factors, as the Recommendation's "blanket statement that it has 'reviewed' [the regulatory factors] is not sufficient to establish that such review has in fact occurred." (Pls.' Br. at 1.) We disagree. In short, the Recommendation as a whole – with its paragraph-length discussion of each regulatory factors, its statement that the Waiver Review Division also considered the hardship, and its conclusion that the regulatory factors outweighed the hardship – can only support one reasonable inference: that the Waiver Review Division considered the regulatory factors and weighed them against the hardship. (See Am. Compl. Ex. 15.)

2.   Abuse of Discretion Review

Next, Plaintiffs argue that the Waiver Review Division's unfavorable Recommendation was an abuse of discretion because it appeared to focus entirely on the regulatory factors and failed to accord sufficient weight to their hardship.[9] To start, we will accept, *arguendo*, that the Waiver Review Division's duty to review the regulatory factors also required it to weigh the regulatory factors against Plaintiffs' hardship when reaching its decision. See Chong, 821 F.2d at 176 ("As the [Government] concedes . . . its role is to determine the policy, program, and foreign relations aspects of a case, weigh them against the hardship determined by [CIS] and make a favorable recommendation if the hardship clearly outweighs the other aspects.")

The decision of the United States Court of Appeals for the Third Circuit in Chong guides our review of the Waiver Review Division's Recommendation in this case. The State Department's recommendation in Chong stated only that "'[i]t is not felt the hardship outweighs the intent of [the law under which Chong received his visa]. The letter that Dr. Chong provided does not conclusively prove that he will not be able to practice medicine.'" Chong, 821 F.2d at 177 (first alteration in original). Although the Third Circuit acknowledged that this statement was "not very specific," it still concluded, on review of a motion to dismiss, that the recommendation indicated that the State Department had sufficiently reviewed the regulatory factors and that the unfavorable

---

[9] It is not entirely clear from Chong whether our review is limited to the factual question of whether the Waiver Review Division reviewed the regulatory factors, or a broader inquiry into whether the conclusion resulting from the review of the regulatory factors was an abuse of discretion. While Chong could be read as suggesting that the former is appropriate, we have trouble understanding how the Waiver Review Division could "abuse its discretion" by failing to review the regulatory factors, as the Waiver Review Division has no discretion as to *whether* it reviews the regulatory factors. *How* the Waiver Review Division weighs the regulatory factors, on the other hand, is a matter of discretion and, consequently, we may conduct a review, albeit a very narrow review, of that weighing under an abuse of discretion standard.

recommendation was not an abuse of discretion. Id. at 177, 179.

The Waiver Review Division's Recommendation in the instant case is more specific than the Chong recommendation and demonstrates on its face that the Waiver Review Division reviewed the regulatory factors.[10] "That is all that is required by the . . . regulations." Id. Moreover, as in Chong, "the evidence submitted by [Plaintiffs] does not demonstrate" that the reasoning of the Waiver Review Division was based on an incorrect understanding of the facts, and the Amended Complaint alleges no facts that would support a conclusion that the Waiver Review Division's Recommendation was factually flawed. Id.

Furthermore, we reject Plaintiffs' argument that the Waiver Review Division abused its discretion by failing to accord due weight to CIS's finding of hardship. In Chong, the recommendation gave practically no weight to Chong's hardship, showing that it is not, as a matter of law, an abuse of discretion for the Waiver Review Division to accord very little weight to CIS's finding of hardship. Notably, Plaintiffs do not even argue *why* a decision by the Waiver Review Division to accord little weight to their hardship would be an abuse of discretion.

In short, Plaintiffs are asking us to substitute our judgment with that of the Waiver Review Division and conclude that more weight should have been given to their hardship. They have not alleged any facts which would support a conclusion that the way in which the Waiver Review Division weighed their hardship was unsupported by the facts or that the ultimate result was irrationally related to the stated purposes. Honduros, 720 F.2d at 295. Accordingly, we conclude that Plaintiffs have not stated a claim that the Waiver Review Division abused its discretion by not making a favorable recommendation.

---

[10]See supra notes four and eight.

3.  Adequacy of the Explanation

Finally, Plaintiffs argue that the Waiver Review Division failed to adequately explain the basis for its Recommendation. A fundamental precept of administrative law is that "an agency must cogently explain why it has exercised its discretion in a given manner." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 48-49 (1983) (citations omitted). The Chong court has instructed that the question of whether an agency has sufficiently explained its decision is "separate and quite apart from whether the agency abused its discretion in reaching its decision." Chong, 821 F.2d at 177. Plaintiffs argue that the Recommendation only contained an insufficient and conclusory statement that the regulatory factors outweighed the hardship. They also argue that the Waiver Review Division's discussion of the regulatory factors merely discusses why the regulatory factors weigh in favor of denying the Waiver Application and is insufficient because it fails to demonstrate that the Division considered the regulatory factors in light of the hardship and also does not explain why the Division concluded that the regulatory factors outweigh the hardship.

We again look to Chong for guidance. The Chong court determined that the State Department had adequately explained its decision to recommend that Chong's waiver application be denied. The Chong court explained that, while the State Department's

> explanation for its decision is not as particularized as we might like, we see no reason in this case for requiring more. Because cases involving the Exchange Visitor Program necessarily implicate foreign policy concerns and involve an agency exercising its discretionary powers in that respect, we conclude that a more particularized explanation by [the State Department] is not required.

Id. (citing Dina v. Attorney Gen., 793 F.2d 473, 478 (2d Cir. 1986) (per curiam) (Oakes, J., concurring)).

As the Waiver Review Division's explanation of its decision in this case was far more thorough than the two-sentence explanation given by the State Department in Chong, we cannot

conclude that the explanation in the Recommendation was inadequate. First, while Plaintiffs assert that the Recommendation contains merely a boilerplate conclusion, it actually contains a paragraph-length discussion, specific to Volynsky, stating or explaining why each regulatory factor weighed in favor of denying the Waiver Application. Moreover, we reject Plaintiffs' argument that the Waiver Review Division's explanation should have explicitly considered the regulatory factors in light of the hardship and explained why the regulatory factors outweigh the hardship, as the Third Circuit rejected a similar challenge to a less detailed explanation in Chong. Therefore, we conclude that Plaintiffs cannot state a claim that the Recommendation's explanation was inadequate.

Accordingly, we conclude that Plaintiffs have not stated a claim under the APA upon which relief may be granted. Therefore, we grant the Motion to Dismiss as to Plaintiffs' APA claim.

    C.    Mandamus Act

The Government argues that Plaintiffs' Mandamus Act claim should be dismissed because the Amended Complaint does not identify any non-discretionary duty owed to Plaintiffs that was not performed and, therefore, cannot state a claim under the Mandamus Act upon which relief can be granted. As we discussed in our January 31, 2011 Memorandum, Plaintiffs can only state a claim under the Mandamus Act if they allege that a government official or agency failed to perform a "'legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion.'" Volynsky, 778 F. Supp. 2d at 553 (quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc) (quotation marks omitted)). "An act is ministerial when it 'is positively commanded and so plainly prescribed as to be free from doubt.'" Id. (quoting Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir. 1996)).

Plaintiffs argue that the Motion to Dismiss should be denied as to their Mandamus Act claim

as follows: "The Volynskys did properly allege[] that the State Department failed to perform a non-discretionary act in failing to properly consider [the] waiver application and render a decision that is not arbitrary and capricious. Therefore, they did state a valid claim for mandamus relief." (Pls.' Br. at 12.) The Amended Complaint likewise addresses the substance of the Recommendation, stating that, "[t]he failure of the government to conduct proper analysis and accord due weight to the extreme hardship finding in this case" is a violation of a duty enforceable under the Mandamus Act. (Am. Compl. ¶ 31.)

As discussed, *whether* the Waiver Review Division reviewed the regulatory factors involves a non-discretionary duty; the Waiver Review Division must do so, and this is a duty enforceable under the Mandamus Act. Volynsky, 778 F. Supp. 2d at 554. However, *how* the Waiver Review Division decides to weigh the regulatory factors and Plaintiffs' hardship is discretionary, and Plaintiffs cannot state a claim under the Mandamus Act alleging that the Waiver Review Division had a duty to issue a favorable recommendation based the circumstances of the case. Id. Plaintiffs have not alleged that the Waiver Review Division completely failed to review the regulatory factors; rather, they alleged that the Waiver Review Division should have accorded more weight to their hardship and issued a favorable recommendation. Accordingly, we conclude that Plaintiffs have not alleged that the Waiver Review Division failed to perform a non-discretionary duty owed to them, and thus they have not stated a claim under the Mandamus Act upon which relief may be granted. Plaintiffs' Mandamus Act claim is, therefore, dismissed.

    C.    <u>Due Process Claim</u>

The Government argues that we should dismiss Plaintiffs' due process claim because we held in our January 31, 2011 Memorandum and Order that Plaintiffs do not have a property or liberty

interest in the waiver of a foreign residency requirement, and therefore they can not state a claim under the Due Process Clause upon which relief can be granted. See Volynsky, 778 F. Supp. 2d at 555. Plaintiffs argue that, even despite our holding in our January 31, 2011 Memorandum and Order, "they do have a valid due process claim insofar as the [State Department's] discretion in consideration of their waiver application is not unfettered, and they are entitled to a decision that is not arbitrary or capricious." (Pls.' Br. at 13.)

Plaintiffs appear to be asserting a substantive due process claim, and arguing that they do not need a property interest in the waiver of the foreign residency requirement to bring such a claim. They are mistaken. "To prevail on a non-legislative substantive due process claim, 'a plaintiff must establish as a threshold matter that he has a protected property interest to which . . . due process protection applies.'" Nicholas v. Pa. State Univ., 227 F.3d 133, 139-40 (3d Cir. 2000) (quoting Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 123 (3d Cir. 2000)). As we have already held that Plaintiffs do not have a protected property interest in the waiver of the foreign residency requirement, they cannot state a due process claim - substantive or procedural - upon which relief can be granted, and their due process claim is therefore dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is granted and the Amended Complaint is dismissed. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.